**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Adrian AGUILAR–RIVERA, a.k.a. Julio Cesar Castaneda, Defendant–Appellant.**

**No. 10–50560.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 2, 2011.*

Filed Aug. 11, 2011.

Fred Sheppard, Bruce R. Castetter, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Jennifer Lynn Coon, Law Office of Jennifer L. Coon, San Diego, CA, for Defendant–Appellant.

Before: RYMER, IKUTA, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Adrian Aguilar–Rivera appeals from the 30–month sentence imposed following his

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291 and we affirm in part, vacate in part and remand for resentencing.

Aguilar–Rivera first contends the district court erred in holding that his prior conviction for grand theft, in violation of California Penal Code § 487(a), qualified as an aggravated felony under the modified-categorical approach. Aguilar–Rivera is correct; the record before the district court does not establish Aguilar–Rivera admitted to all of the elements of generic theft. *See United States v. Vidal,* 504 F.3d 1072, 1086 (9th Cir.2007) (en banc) ("A prior conviction based on an overly inclusive criminal statute that resulted from a guilty plea rather than a jury verdict will support a sentence enhancement only if the record confirms that the plea necessarily rested on the fact identifying the [offense] as generic.") (internal quotation marks omitted) (quoting *Shepard v. United States,* 544 U.S. 13, 21, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)); *Carrillo–Jaime v. Holder,* 572 F.3d 747, 751 (9th Cir.2009).

Aguilar–Rivera's contention concerning *Almendarez–Torres* is foreclosed. *See United States v. Valdovinos–Mendez,* 641 F.3d 1031, 1036 (9th Cir.2011).

As the government has not met its burden of demonstrating that Aguilar–Rivera's § 487(a) conviction qualified as an aggravated felony, we vacate the sentence and remand for resentencing. *See United States v. Matthews,* 278 F.3d 880, 885–86 (9th Cir.2002) (en banc).

**AFFIRMED in part; VACATED in part; and REMANDED.**